| |
|---|
| **200 RSB, LLC v Fetman** |
| 2025 NY Slip Op 33030(U) |
| July 22, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 659728/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** | **11M** |
| | *Justice* | | |

--------------------------------------------------------------------------------X

200 RSB, LLC,

                           Plaintiff,

                     - v -

DORON FETMAN, TOBY FISHMAN, YOORANG LLC

                      Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659728/2024 |
| **MOTION DATE** | 05/06/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

       For the reasons discussed below, the motion and cross-motion are denied.[1]

Background

       200 RSB, LLC ("Plaintiff") moves for summary judgment under CPLR § 3212(b) to obtain payment of $281,522.76 plus interest, costs and fees for use and occupancy of a penthouse condominium, unit 46A at 200 Riverside Boulevard, New York, New York 10069 (the "Apartment"). Plaintiff alleges Doron Fetman and Toby Fishman (with YOOrang LLC "Defendants") have resided in the Apartment, with previous rent payments being made by YOOrang LLC, but the lease is signed by Doron Fetman and Eff Creative Group, LLC.

       Plaintiff argues that the obligation to pay for use and occupancy does not arise from an underlying contract but rather due to Fetman and Fishman's obligation to pay Plaintiff for its use and occupancy of the premise pursuant to N.Y. Real Property Law § 220. For this reason,

---

[1] The Court would like to thank Jason Lowe, Special Master to the Court, and Stephen Wolf for their assistance in this matter.

**659728/2024   200 RSB, LLC vs. FETMAN, DORON ET AL**            **Page 1 of 4**
**Motion No.  001**

1 of 4

Plaintiff asserts it is a quasi-contract, and the amount owed under this quasi-contract depends on the sums of the most recent lease.

Defendant similarly cross moves under CPLR § 3212 seeking dismissal in light of Plaintiff's supporting documents, stating that no rental agreement, or other binding agreement, was in effect between the Plaintiff and Fetman and Fishman when this instant matter was commenced or prior thereto. Additionally, they object to rental payments because of an alleged breach of the lease agreement due to outstanding required repairs and remediation that Plaintiff failed to address.

Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

Discussion

The complaint alleges causes of action for use and occupancy and unjust enrichment. "[A]an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties" (*Tavor v Lane Towers Owners*,

**659728/2024   200 RSB, LLC vs. FETMAN, DORON ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

197 AD3d 584, 585 [2d Dept 2021]) *quoting Matter of First Am. Tit. Ins. Co. v Cohen*, 163 AD3d 814, 816, 82 NYS3d 579 [2nd Dept. 2018])(internal quotations omitted). However, to be entitled to use and occupancy, a plaintiff must show that the defendant actually occupied the relevant premises.

The evidence Plaintiff submits that Defendants were occupying the Apartment for the pertinent time is an affirmation of a member of Plaintiff. However, that member of Plaintiff claims knowledge of the matters in his affirmation based on "the files, books and records maintained by the Plaintiff". The affiant does not indicate what files, books and records he reviewed nor when these documents were created or reviewed. "To the extent [the affiant's] knowledge was based upon a review of books and records, the affiant failed to lay an appropriate foundation for the admission of any of the proffered documents as business records under CPLR §4518" (*2 Cap Invs., LLC v Frog Invs., LLC*, 2023 NY Slip Op 31326[U], *2 [Sup Ct, NY County 2023]). Rather, the affiant merely demonstrated a review of unidentified records, which "does not vest an affiant with personal knowledge" (*JPMorgan Chase Bank, N.A. v Grennan*, 175 AD3d 1513, 1517, 109 N.Y.S.3d 436 [2d Dept 2019]). This issue is more acute due to Plaintiff's apparent refusal to participate in discovery. Nevertheless, Plaintiff failed to meet its moving burden.

In addition, Defendants have raised various factual issues regarding the condition of the Apartment. Thus, there are factual issues regarding whether and how much Defendants owe in use and occupancy and the Plaintiff's motion for summary judgment must be denied.

With regards to Defendants' cross-motion for summary judgment, Defendants fail factually to meet their burden for summary judgment on the causes of action in the Complaint. Defendant's argument is based on a lack of a written lease. However, the causes of action in the

**659728/2024   200 RSB, LLC vs. FETMAN, DORON ET AL**                    **Page 3 of 4**
**Motion No.  001**

3 of 4

Complaint are based on quasi-contractual theories, and therefore the lack of a written lease is not a reason to dismiss the complaint.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment is denied; and it is further

ORDERED that Defendant's cross motion for summary judgment is denied; and it is further

ORDERED that the parties are to meet and confer regarding a discovery stipulation and either submit a discovery stipulation to the Court or, if the parties are unable to agree to a discovery stipulation, contact the Court to request a discovery conference by August 11, 2025.

20250722134220LFRANK849CD6B940143EA86A6D35C1C5AF48B

| **7/22/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

659728/2024   200 RSB, LLC vs. FETMAN, DORON ET AL
Motion No.  001

Page 4 of 4

[* 4]